John A. Hawkins-El

v.

Frank Vanihel
(Warden)

U.S. District Court
Southern Division of Indiana

**FILED**

**11/30/2022**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
Roger A.G. Sharpe, Clerk

2:22-cv-00550-JRS-DLP

# Memorandum of Law

## Petitioner's Memorandum of Law

### Introduction

Hawkins-El, 956724 bring this matter to the Court, that his right to due process was violated by the D.H.O failure to make specific findings of the evidence relied upon to find Petitioner guilty, and the deprivation of the right under 18 U.S.C.S § 4161 to good time credits is a deprivation of liberty.

### Statement of Facts

A. Hawkins-El due process rights were not adequately protected by an arbitrary D.H.O.- Hawkins-El, charged w/ Assault on a Staff Member, that any act of battery must include a clear description of the bodily injury defined by this/the policy suffered by the victim of the act of battery. And, if possible, photographs or other documentation of the bodily injury should be included as evidence to support a Report of Conduct alleging a violation of A-117, involving bodily harm to a staff person. The d.h.o. was without any evidence to support his finding of guilt, b/c there's no documentary evidence of any serious bodily injury result in Petitioner's action. (See Exhibits 1 & 2 Report of Conduct and Report of Disciplinary (MCF-22-04-0286 & MCF-22-04-0522)

B. Hawkins-El due process were not adequately protected from an arbitrary D.H.O. depriving 6,883 earned credit time, w/o any evidence to be relied upon to base an guilty finding.

C. Hawkins-El due process were not adequately protected from an arbitrary D.H.O. preventing Petitioner from presenting evidence (exculpatory).

## Argument

A.) Hawkins-El, request under Fed. R. Evid. 201, that the Court take Judicial Notice of the Manual Policy appearing on the D.O.C. website; Disciplinary Code, Adult Disciplinary Process Appendix 3-01-2020 http://www.in.gov/idoc/files/02-04-101 The Disciplinary Code for Adult offenders. - This notice clarifies my argument of the due process violations that the D.H.O. clearly violated, and evidence disregarded that Policy illustrate that the D.H.O. must abide to. - "Rowe v Gibson, 798 F.3d 622

Assault/Battery w/ serious (bodily injury) is defined Any impairment of physical condition, including physical pain. Battery defined as: knowingly or intentionally touching another person in a rude, insolent or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person.- Although serious bodily injury is not recorded in the updated (3-01-2020) A.D.P. manual, and that d.h.o. based the guilty finding upon serious bodily injury suffered to the staff person without any documented evidence. Serious Bodily Injury

(2.)

defined by prior I.D.O.C. websites, displays a Class A offense 117 assault on staff which results in serious bodily injury: An injury to a to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes: • Serious permanent disfigurement; • Unconsciousness; • Extreme Pain; • Permanent or protracted loss or impairment of the function of a bodily member or organ; or • loss of a fetus. (See Alkhalidi v. Levenhagen, 2015 U.S. Dist. LEXIS 4057.)

Hawkins-El, noted to the d.h.o., that the Report of Conduct lacked the support, that the d.h.o. must have to base his guilt of serious bodily injury. The d.h.o. was not able to not relied upon any documented evidence included w/ the report of conduct. The d.h.o. didn't check off physical evidence; photo's; video evidence, Nor any use of force was documented, witness(es) statements attached to the report of conduct, to support the conduct. Nor the d.h.o. specified what evidence he relied upon unknown witness, nor what portion of Staff report. What's egregious, the d.h.o. used evidence from another Report of Conduct that's related, to deliberate his guilty finding. This arbitrary action by the d.h.o. Clearly violates the due process of a fair hearing. (See Exhibit 3 attached)(Request slip (Exhibit 3') Neely, d.h.o. that the evidence he's using is for case MCF 22-04-0322).

(3)

Accordingly to the D.O.C. A.D.P. 02-04-101 Policy, that an offender found guilty of a A-117 offense. That the Report of Conduct alleging an act of "battery" must include a clear description of the bodily injury suffered by the victim, and photographs or other documentation of the bodily injury should be included as evidence. — This portion of the policy was disregarded by the d.h.o. to have the adequate evidence to base his guilty finding. There's no evidence that serious bodily resulted, further amplifying that the Assault, that Hawkins-El was charged with requires evidence of serious bodily to be descibed and specified in the d.h.o. guilty finding, which weren't completed.

B) The manual of A.D.P. 02-04-101, states: " Harm to a Staff person, Volunteer, Visitor, Contractor, etc. If any offender is found guilty of a violation of A-117; and the offense results in bodily injury being caused to the staff person, etc — the offender may recieve, in "addition" to the other Sanctions listed above, loss up to the entire balance of the offender's accumulated earned credit time. — The result of bodily injury must be established, so this procedure to be effective. Without any documented evidence attached to the report of conduct, check off by the d.h.o. making his decision, as outline in Section A.) of this Petition, the d.h.o. can not relied upon the staff report alone, without the physical evidence, photo's or any other documentation to support the Conduct Report. Further, the Manual displays an ambiguous language

(4.)

and leaves an d.h.o. a wide range of discretion to render extreme decisions upon a prisoner. - Also within the Manual, it states:"⁴" Offender's found guilty of the egregious offense mentioned above (offense codes 100, 102, 103, 106, 108, and 117) shall be subjected to a loss of up to 12 months of Earned Credit Time w/ justisfication from the disciplinary hearing officer. - This justisfication was not afforded to the Petitioner by the d.h.o., when Hawkins-el deprived of 6,883 earned credit time. The evidence d.h.o. relied upon wasn't w/o support to the Report of Conduct, and none checked off from the deliberation report. - The only evidence d.h.o. e-relied upon, he used from another report of Conduct, knowing the conduct lacked adquate support, and displaying his arbistrary actions to find guilt outside the guidelines, violating Petitioner due process rights. Further, this sanctions to deprive an offender of their earn credit time, entirely, is unconstitutional and violates a offender 8th Amend. and 14th Amend Right. Hawkins El due Process is not Protected from Executive Directive #17-09, when also the Policy set-forth dual languages, what justify the amount of earned credit time shall be loss." Koo v. McBride, 124 F.3d 869, explains that the 8th Amend. is violated when the punishment is extreme and grossly disproportioated to the crime", especially when there's no evidence to support

(5.)

an guilty finding. 6,883 earned credit time calculate to 18 s. and 79 days. Hawkins-El is also being criminally charge w/ a Level 5 Battery on Staff. If found guilty, Hawkins El is face up to 1 to 6 years. It's punitive in nature, that the guilty finding w/o any evidence to support serious bodily injury, was to allow by the d.h.o. to deprive Hawkins-El of more time than the criminal charge allows. Hawkins El due process rights were not protected from the procedure to ~~impartially and fairly~~ to be heard by a impartially and fair decision maker. The guilty finding was/is vindictive in nature and outside the sanction guidelines.

C.) The Manual was/is my main evidence, to attempt to have a fair hearing. The witness evidence from offender Reed the d.h.o. did not review, and the d.h.o. prevented me to testify fully that he was without proper evidence to base his guilty finding. The d.h.o. wrote a few words I stated, found me guilty without giving me the sanctions, nor describing the allege injuries,

walking away from the hearing, leaving me without presenting my claims. D.) D.h.o. failed to recuse himself, b/c I knew he was going to be vindictive towards me, and not be a impartial decision maker; failed to review that I was in the most favorable credit class before the incident took place; failed to review my work evaluation, and just praised before hand how I done

(6.)

an outstanding job; failed to review evidence that the guard harassed me (and I placed a grievance how the guard kept harassing me and writing me up on frivolous conduct reports, I got dismissed. And that the conduct report(s) was without any evidence to support any guilty finding, that serious bodily injury resulted. And the injury the guard claimed to suffer w/o any documents provided. The same injury(ies) he suffered in other offender's conducts, that the d.h.o. failed to review from my evidence I did not have a chance to present. - D.H.O. arbitrary attempted to have me view evidence Hawkins-El requested for in my initial hearing, and was not able to view for his conduct report case PICF-22-04-0322, and off when requested for J. Snow interview. D.H.O. utilize that video evidence for Hawkins-El Re-hearing case # MCF-22-04-0286, that Hawkins-El did not request for neither Re-hearing case. This evidence arbitrary relied upon to base the d.h.o. finding of guilt, and was not adequate evidence, which resulted in a clear violation of my due process.

 Wherefore, I John A. Hawkins-El, pray that this Honorable Court accepts and Grants this said petition/Memorandum of Law, and for any and all other just relief that the deem appropriate in this matter.

(7.)

## Certificate of Service

I, John A. Hawkins-El, Petitioner Pro se, hereby certify that on _____, Hawkins-El mailed the foregoing Petition and Memorandum of Law to the Clerk of U.S. Dist. Court of Southern Indiana, by U.S. Postal Mail.

John A. Hawkins-El
Petitioner.

(8.)

## Addendum

Petitioner, request that the two disciplinary cases be consolidated for the Memorandum of Law. That the cases of MCF-22-04-0286 and MCF-22-04-0322, derives from the same incident, and the same d.h.o. presiding over the disciplinary cases. The same arguments within the Memorandum of Law, is also set forth for MCF-22-04-0286 and MCF-22-04-0322. — Additional Argument for MCF-22-04-0322 that D.H.O. disregarded that the reporting officer, provided no evidence, and went outside the procedural guidelines to write the Report of Conduct. J. Snow, presented himself as an C.P.O. (Correctional Police Officer) stating that he's sought criminal charges. Then wrote me up as an investigator, when no investigation was warranted, b/c the allege officer T. Cooley, could have written her own report of conduct, as Sgt. Betzler did. The Warden of the prison, orders if an investigation is required. The reporting officer went outside the procedure guidelines to write the report of conduct. D.H.O. failed to review this evidence I needed to present and testify for my hearing, arbitrary refusing an adequate evidence, and being unfair and not impartial, basing guilt w/o any evidence to be relied upon to support the Conduct.

(9.)

## Addendum

Hawkins-EL due process were not adequately protected

The Disciplinary Reviewing officer (Screening officer) Changed the offense code number, to A-117 from A-102. This proceedure violates my due process rights. The change of code number may be changed to an equal or lesser offense. A-117 is higher degree from A-102. Defined/explained for A-117 offense: "Additionally, if an offender is found guilty of any subsequent violation of any major offense outlined in Disciplinary Code for Adult Offenders, after being found guilty of violating offenses codes A-117, A-100, or A-115 resulting in bodily injury during his/her commitment period, the offender may recieve, In addition to the sanctions listed above, loss of up to the entire balance of the offender's accumulated earned credit time, based on the severity of the subsequent violation. - The Report of Conduct was wrote as A-102, far less severe conduct, without the added stipulations presented in A-117. The disciplinary hearing officer failed to review this favorable evidence that protects my due process. The disciplinary reviewing officer, did'nt return the report of conduct back to the immediate supervisor with an explanation for the change code number that the report of conduct to be ~~wrote~~ written correctly. The report of is an A-102, additionally without any physical or documentation of bodily to support A-117 is not able to stand. It was wrong that

(10.)

the disciplinary reviewing officer change the code number to the higher degree offense. Exemplifying, the integrity of the Report of Conduct, because the twenty-four written notice dead-line was not met by the reporting officer, and that the immediate supervisor, fraudulently stamped the Conduct recieved 4-25-22, when the disciplinary reviewing officer changed the date report of Conduct recieved 4-26-22. As mentioned prior, the incident occurred on 4-22-22. It's require that the reporting officer write the Conduct before his shift is completed. There's no documented explanation why the report of Conduct was not written in the twenty-four timeframe, ~~and the~~ - Exemplifying the errors occured by the written reporter - that A-102 is far less than A-117, b/c the stipulation of one enter credit time can be deprived, creating a due process violation, from the code change.

John A. Hawkins-El, 95724

(11.)