U.S. District Court
Southern District of Indiana
Indianapolis Division

FILED
01/27/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

John A. Hawkins-el,
  Petitioner,
  v.
Frank Vanihel,
  Respondent.

No. 1:22-cv-02331-SEB-MG

## Amended 2254 Disciplinary Habeaus Corpus Memorandum of Law - ADDENDUM

Comes, John A. Hawkins-el, to set-forth the grounds for Case No. 1:22-cv-02331-SEB-MG, that can not be Consolidated w/ Case No. 2:22-cv-00550-JRS-MKK, which was bind together and mailed to The U.S. District Court of Southern Indiana, Indianapolis Division, that the U.S. Court recieved on 12-06-22.

1.) Hawkins-el raises that MCF-22-04-0322 is w/o specific sufficient evidence, that serious bodily injury resulted.

2.) There was not any other documetary evidence provided nor could be relied upon adequately.

3.) The d.h.o. (disciplinary hearing officer) failed to review favorable evidence of Hawkins-El witness statement from Mr. G. Reed

(1.)

4.) D.H.o. did not disclose nor provide, (who or what, etc) evidence from witnesses, he relied upon

5.) D.H.o. was not impartial — D.H.o. failed to remove himself from conducting the disciplinary hearing - D.H.o. failed to provide Hawkins-el his sanctions after deliberation of the hearing, that was held w/ Hawkins-el behind the door of the segregation area where Hawkins-el reside, while the d.h.o. was conducting the hearing on the lock-up unit range when the range was loud, not allowing Hawkins-el to present his best defense. Then walking away from the hearing.

### Petitioner's Memorandum of Law

Hawkins-el, 956724 bring this matter to the Court, that his right to due process was violated by the D.H.O. (Disciplinary Hearing Officer) failure to make specific findings of the evidence to be relied upon to find Hawkins-el guilty, and the deprivation of the right under 18 U.S.C. §4161, to good time credits is a deprivation of liberty.

(2.)

## Statement of Facts

A.) Hawkins-el due process were not protected adequately from a arbitrary D.H.O. - Hawkins-el, charged w/ Assault on a Staff member, that any act of battery must include a clear description of the bodily injury, defined by this policy, suffered by the victim of the act of battery. And, if possible, photographs or other documentation of the bodily injury should be included as evidence to support a Report of Conduct, alleging a violation of A-117, involving bodily harm to a staff person. — The d.h.o. was w/o any evidence to support his finding of guilt. There's not an single documentary evidence of any serious bodily injury to C/O T. Conley that resulted from Hawkins-el actions. The basis of the Report of Conduct written by D.I.I. Josh Snow, that presented himself as an C.P.O. to Hawkins-el, "Stating that he (C.P.O. Snow) was charging Hawkins-el w/ an "outside case" against Sgt. Betzner, b/c Betzner was punch by Hawkins-el. C.P.O. wanted to know what happen between C/O T. Conley and Myself, and Betzner when we went off camera after [I] Hawkins-el punch Sgt. Betzner and C/O T. Conley placed me (Hawkins-el) in a choke-hold, and I struggle to get out of Conley chokehold, and maced by Sgt. Betzner, all over my face and back of my head.

1.) No serious bodily injury resulted from Hawkins-el actions, when Hawkins-el was place in an chokehold by C/o T. Conely, after Hawkins-el punch Sgt. Betzner. Hawkins-el, admits that a struggle existed, when C/o T. Conley placed Hawkins-el in the choke-hold. The underlying facts are that Hawkins-el, did not touch or harm the officer, and only got her from off my neck and back. C/o T. Conly forced herself upon my person unprofessionaly w/ an illegal choke-hold, which afterwards Sgt. Betzner began macing me, and C/o T. Conley, which I turned from out the choke-hold, and used C/o T. Conley as coverage, and we fell on the bed area, which/when I buried my face in her shoulder and chest area. I was not instructed once to get down on the ground, when the struggle ensue or anytime during the altercation between myself and Sgt. Betzner. ~ D.H.O. failed to note what specific injury he was able to relied upon. There's none sufficient indicia of reliabilty for the Report of Conduct. (Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). C/o T. Conley did not submit a back-up (witness) statement for the Report of Conduct, nor wrote the Report of Conduct her ownself. ~ The D.H.O. could not relied upon any evidence that validates what the specific injury C/o T. Conley.

2.) There's no documentary evidence provided, nor could be ~~relied~~ adequately relied upon for the basis of D.H.O. finding of guilt.

(4.)

No physical evidence, nor preponderance of evidence that the d.H.o. was able to use, to reach a finding of guilt. Hawkins-el, alerted that the D.H.O. was w/o any evidence. No still photo's was documented, no incident report, use of force nor dVR of the incident. Hawkins-el question the D.H.O. about the evidence not documented, nor attached to the Report of Conduct, by via Request slip and at the disciplinary hearing, w/o any response from the D.H.O. — The Conduct Report is more of the nature of "Stacking" than a Report of Conduct for C/O T. Conley specifically. For as mention, and why Hawkins-EL Requested that MCF-22-04-0286 and MCF-22-04-0322, be consolidated...... The Report of Conducts both set-forth the same detail of the incident, w/ only MCF-22-04-0286 Disposition of Physical evidence mention dvr, that wasn't even use to be relied upon, and not documented at all for MCF-22-04-0322. Without any evidence Provided, attached to the Report of Conduct, nor witnesses documented, the d.h.o. could not adequately relied on any evidence. The disciplinary hearing was a complete sham, and violation of Hawkins-el due process rights, that d.h.o. ignore

3.) The D.H.o. failed to review favor evidence of Hawkins-el witness G. Reed, 942222 that witness C/O T. Conley place Hawkins-el in a choke-hold, and did not strike T. Conley at all — Mr. Reed witness the entire incident b/c it occurred in front of the cell he resides in J-114, when (I) Hawkins-el only struck Sgt. Betzner, and was next place in a choke-hold by C/O T. Conley, which the struggle ensue to get out the officer choke-hold and weight on my back to "buck me" down. (Exhibit-A)

(5.)

Mr. Reed witness statement, offsets the Report of Conduct allegations that C/O T. Conley was not seriously injury by my actions, and that no Report of Conduct was not written by her, or any statements (witness statement) was not introduce nor provided or documented.... b/c she would have to incriminate herself for the illegal choke-hold she place me in. — What's unconstitutional that the d.h.o. failed to review the witness statement of Mr. Reed, 942222, which limited Hawkins-el to present evidence, that counter the non-existed documentary evidence that the d.h.o. did not have to base the decision of guilt, which the d.h.o. did not adequately articulate which evidence to justify the reason of guilt.

4.) The d.h.o. did not provide, nor disclosed what/who evidence from witnesses he relied his decision of guilt upon. — The d.h.o. marked/checked off Evidence from witnesses, and staff report for evidence relied upon. The evidence from witnesses is not documented nor attach to the Report of Conduct. This procedure by the d.h.o. constituted a Brady violation against Hawkins-el due process. No summary was afforded to Hawkins-el from the evidence from witnesses by the d.h.o. — Prison officials are require to disclose material exculpatory evidence to the accuse. (Jones V. Cross, 637 F.3d 841, 847 (7th Cir. 2011). — which why it was important that the witness statement from G. Reed, 942222 to be review by the d.h.o. so he could be impartial, which the d.h.o. wasn't, when no summary of evidence from witnesses was not provided to Hawkins-el

(6)

5.) D.H.O. was not impartial - D.H.O. failed to recuse himself from conducting the disciplinary hearing - D.H.O. failed to provide Hawkins-el sanctions after ~~delibera~~ deliberations of guilt, that was held while Hawkins-el behind the door of the segregation area (lock-up unit) where Hawkins-el resided, while the d.h.o. conducted the hearing on the lock-up unit range, while the range was loud, and not Hawkins-el to present evidence for my best defense, then walked away. —

In sum, the d.h.o. was not impartial at all for the entire disciplinary hearing and was w/o clear other documentary evidence to base a decision of guilt. As evidence, (Exhibit B), I request the d.h.o. to recuse himself from conducting the hearings, b/c I knew he was going to be vindictive w/ me when the rehearing got continue, b/c he did'nt have any of my witness statement, and prior try to have me view the interrogation video of me (Hawkins-el) and C.P.O. J. Snow, before the hearing for MCF-22-04-0286.

— W/ the above mention arbitrary tactics of the d.h.o., and w/ me knowing that he was recently assaulted by a prisoner, before my hearings I deliver him a request to recuse himself, and the lay advocate UTM. Myers which she works w/ the d.h.o. closely; and for my original hearing, the lay advocated signed off a $50,000.00 and $1,000.00 restitution (Exhibit C & C'). — As stated before, the disciplinary hearings was conducted w/ me (Hawkins-el) in the cell I reside in for segregation and the d.h.o. outside of the cell. After, the d.h.o. stated if I was going to plea guilty, and I stated "no", and try to present my evidence (best defense), which was interrupted by the d.h.o, just finding me guilty w/o any explanation/justification, and not giving me my sanctions, walking away from the door, saying he mail the sanctions to me. The hearing lasted no more than two minutes, b/c of the d.h.o.

(7.)

arbitrary behavior. This is the reason I request him to recuse himself, so I would have a fair hearing. (~~Exhibits~~    )

The lack of documentary evidence, and the characterization of the Report of Conduct is w/o the adequate evidence to base on decision of guilt. The d.h.o. limited Hawkins-el to produce the exculpatory evidence to have this Report of Conduct thrown out, b/c it was only stacking in its nature. C/o T. Conley, was well within her ability to write the conduct Report on her own, if she believed a Report of Conduct was warranted. Hawkins-el, evidence was the Policy, which he try to present to the d.h.o. for his hearing. That the record states, that serious bodily injury must be described and documented by Photo, etc. The d.h.o. did not check nor was specific w/ the adequate justification to base a decision of guilt. The suppose injure officer did not even submit a back-up witness-statement for the report of conduct, after the C.P.O./D.I.I. erroneously and wrongly took it upon himself to write the additional Conduct Report w/o the warden consent. This due process violation, the DHO failed to allow me to present for the hearing.

(8.)

Wherefore, I John A Hawkins-el, prays that this Honorable Court Grants this said Amended Memorandum of Law, and for any, and all Just Relief that is deem appropriate in this matter.

## Certificate of Service

I, John A. Hawkins-el, Petitioner, hereby certify that on January 26, 2023 the forgoing Petition was E-Filed to the U.S. District Court of Southern Indiana, Indianapolis Division.

John G. Hawkins-el
Petitioner