UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A. HAWKINS-EL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> FRANK VANIHEL, ) <br> ) <br> Respondent. ) | No. 1:22-cv-02331-SEB-CSW |

**Order Denying Petition for Writ of Habeas Corpus**

John A. Hawkins-El was punished through the Indiana Department of Correction's Disciplinary Code for battery against a staff person. He has filed an amended petition for a writ of habeas corpus raising a number of due process challenges to his disciplinary conviction. Because Mr. Hawkins-El has not demonstrated any violation of due process, the petition for a writ of habeas corpus is **DENIED**.

## I.     Applicable Law

Prisoners in state custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. Mr. Hawkins-El's Disciplinary Proceedings

Mr. Hawkins-El was in custody at Miami Correctional Facility in April 2022.

According to a conduct report drafted by Investigator Snow, Mr. Hawkins-El punched Sergeant Betzner in the face on April 22, 2022. Dkt. 14-1. A struggle ensued, and Officer Conley responded. *Id.* Officer Conley reported that during the struggle, Mr. Hawkins-El pushed her onto a bunk, lay on top of her, and covered her nose and mouth with his hand. *Id.* As relevant here, Mr. Hawkins-El was charged with battery against a staff person for his actions toward Officer Conley. *Id.* The Indiana Department of Correction disciplinary code defines battery as "Knowingly or intentionally touching another person in a rude, insolent or angry manner; or in a in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Dkt. 14-10 at 3.

On July 13, 2022, Investigator Snow notified Mr. Hawkins-El of the charge and provided him with a copy of the conduct report and notice of disciplinary hearing. *Id.*; dkt. 14-2. Mr. Hawkins-El pled not guilty, requested a lay advocate, and requested two witnesses. Dkt. 14-2. He requested that another inmate, Reed, answer the question, "Did I touch that lady?" *Id.* He also requested that Investigator Snow answer the question, "Who told you to write this up?" *Id.*

Reed provided the following witness statement: "I never seen Hawkins touch/nor assault Connely during any part of the incident that he was written up for." Dkt. 14-6 at 1. Investigator Snow provided the following witness statement: "There was no person that told me to write this report. The report was written due to the evidence and intel I received." *Id.* at 2.

Disciplinary Hearing Officer N. Angle ("DHO Angle") held a hearing. At the hearing, Mr. Hawkins-El pled not guilty and stated, "I did not touch that woman. It's stacking." Dkt. 14-5. Officer Angle found Mr. Hawkins-El guilty of assault of a staff member "based on staff report,

witness statements." *Id.*; *see also* dkt. 14-11, ¶ 5 (Angle Declaration, "I considered the witness statements, including the one from Offender Reed, as well as Hawkins' statements at the hearing."). Mr. Hawkins-El was sanctioned with 365 days of credit time deprivation, 365 days in restrictive housing, a two-credit-class demotion, and up to $1,000 in medical expenses, and other sanctions. Dkt. 14-5.

Mr. Hawkins-El appealed. Dkt. 14-7. Reviewing the appeal, the acting warden found that the offense was proven and that no due process errors occurred. *Id.* at 1. However, the acting warden reviewed the appeal and cut Mr. Hawkins-El's credit-time deprivation and restrictive housing time to 180 days each. *Id.* An appeal review officer denied Mr. Hawkins-El's final appeal. Dkt. 14-8 at 1.

### III.   Discussion

Mr. Hawkins-El presents five grounds for relief in his operative amended petition:

1. he was found guilty of battery despite no evidence of serious bodily injury;

2. he was found guilty despite a lack of documentary evidence;

3. DHO Angle failed to review inmate Reed's witness statement;

4. DHO Angle "did not disclose nor provide, (who or what, etc.) evidence from witnesses he relied upon"; and

5. DHO Angle was not impartial and did not allow Mr. Hawkins-El to present his best defense.

Dkt. 10 at 1−2, 4−8.[1]

---

[1] In later filings, Mr. Hawkins-El attempted to present different claims and additional allegations. *See*, *e.g.*, dkt. 16 at 5 ("The hearing officer failed to review that T. Conley have a history of unethical de-escalation. Petitioner requested that hearing officer review a lawsuit against T. Conley, and Petitioner had his GTL to show the hearing officer the case."). Any claims and factual allegations not presented in the amended petition are **waived**. *Wonsey v. City of Chi.*, 940 F.3d 394, 398−99 (7th Cir. 2019) (holding that arguments raised for the first time in a reply brief are waived); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (the petition must "specify all the grounds for relief available to him and the facts supporting each ground").

### A.     Insufficient Evidence (Grounds 1 and 2)

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Hawkins-El contends that there was no evidence to support a finding of serious bodily injury. Dkt. 10 at 4−5. But battery against a staff member, as defined in the disciplinary code, does not require a finding of serious bodily injury. *See* dkt. 14-9 at 3 (defining battery against a staff person); dkt. 14-10 at 3 (defining battery as, "Knowingly or intentionally touching another person in a rude, insolent or angry manner; or in a in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person").

Mr. Hawkins-El also contends that there was no documentary evidence of his guilt. But a conduct report is sufficient evidence to support a conviction. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A conduct report "alone" may establish the "some evidence" requirement). Here, the conduct report included a statement from Officer Conley reporting that Mr. Hawkins-El "pushed her into [a] cell," where she landed on a bunk, and then "was on top of her with his hand over her mouth and nose closing off her air way." Dkt. 14-1. This constitutes "some evidence" of guilt sufficient to satisfy due process. This Court may not "reweigh the

evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Hawkins-El is not entitled to relief on either claim of insufficient evidence.

### B.   Failure to Review Reed Statement (Ground 3)

Mr. Hawkins-El contends that DHO Angle demonstrated partiality by failing to review the exculpatory witness statement by inmate Reed. Dkt. 10 at 4−5. A reviewing officer may not "arbitrarily refuse to consider potentially exculpatory evidence." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). But Mr. Hawkins-El offers nothing more than speculation that DHO Angle failed to review Reed's statement. The disciplinary hearing report indicates that DHO Angle considered the available witness statements. Dkt. 14-5. And DHO Angle's declaration specifies that he considered Reed's witness statement. Dkt. 14-11. Mr. Hawkins-El is therefore not entitled to relief on his claim that DHO Angle failed to review Reed's witness statement.

### C.   Failure to Disclose Evidence Relied Upon (Ground 4)

Mr. Hawkins-El contends that DHO Angle failed to "disclose[] what/who evidence from witnesses he relied his decision of guilt upon." Dkt. 10 at 6. The Court construes this as a claim that Mr. Hawkins-El was denied a written statement articulating the reasons for the disciplinary action and the evidence justifying it.

As part of the disciplinary process, a prisoner is entitled to a written statement that "illuminate[s] the evidentiary basis and reasoning behind the decision." *Scruggs*, 485 F.3d at 941. This requirement is not "onerous." *Id.* The level of detail required "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstance and proof offered by both sides." *Arce v. Ind. Parole Bd.*, 596 Fed. Appx. 501, 503 (7th Cir. 2015)

(cleaned up). "[I]n a straightforward case ... a very brief statement is sufficient." *Dullen v. McBride*, 27 F. App'x 607, 610 (7th Cir. 2001) (citing *Culbert*, 834 F.2d at 629−30).

To be sure, DHO Angle's statement of reasoning was terse: "DHB finds guilty based on staff report, witness statements. Lay advocate present." Dkt. 14-5. But the issue here was simple: did Mr. Hawkins-El commit a battery against Officer Conley or not? And the only evidence before the DHO consisted of eyewitness statements from Mr. Hawkins-El, Officer Conley, and inmate Reed, so DHO Angle merely needed to decide which version of events to credit. The disciplinary hearing report indicates that DHO Angle reviewed the statements and credited Officer Conley's account. No more was required in this "straightforward case." *Dullen*, 27 F. App'x at 610. Mr. Hawkins-El is not entitled to relief on this claim.

### D.     Denial of Impartial Disciplinary Hearing Officer (Ground 5)

Finally, Mr. Hawkins-El contends that DHO Angle was not impartial. In support of this claim, he alleges that DHO Angle refused to recuse himself, conducted the hearing in a loud location, and cut the hearing short without allowing Mr. Hawkins-El to present his "best defense," including a video recording of Mr. Hawkins-El being interviewed by Investigator Snow. Dkt. 10 at 7−8.

A prisoner in a disciplinary action possesses the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary; the constitutional standard for impermissible bias is high. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Hearing officers

are impermissibly biased when they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie*, 342 F.3d at 667.

None of Mr. Hawkins-El's allegations constitute clear evidence that DHO Angle was impermissibly biased. Mr. Hawkins-El was not entitled to automatic recusal, and he does not allege any basis that required recusal. It is not clear how holding the hearing in a loud location demonstrates bias. And Mr. Hawkins-El has not articulated how the video recording of his interview by Investigator Snow was potentially exculpatory. *See Piggie*, 344 F.3d at 678 (disciplinary hearing officer may not "arbitrarily refuse to consider **potentially exculpatory** evidence." (emphasis added)). For these reasons, Mr. Hawkins-El is not entitled to relief on this claim.

## IV.    Conclusion

For the reasons explained above, Mr. Hawkins-El's petition for a writ of habeas corpus is **DENIED**. Final judgment in accordance with this Order will now issue.

**IT IS SO ORDERED.**

Date: 11/29/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JOHN A. HAWKINS-EL
956724
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only